## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### JESSE THOMASON v. COMMONWEALTH.

#### January 14, 1926.

1. INTOXICATING LIQUORS—*Footprints—Identification of—Evidence not Sufficient to Support Conviction—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition law, footprints were found that led from towards the house of accused, in the direction of the place where whiskey was discovered. This whiskey together with a boiler and a cap of a still were not found on the premises of accused. An officer testified that the tracks were identical with defendant's tracks, but later stated that he did not measure either the tracks or shoes of the defendant, but that they looked to him like the same tracks though there was no peculiarities about them by which they could be identified. Accused denied that the tracks were his and another witness testified that he, witness, made the tracks. An officer testified that accused had the reputation of being a bootlegger and gave the names of three persons whom he had heard say so. A number of witnesses testified to the general good reputation of the accused, and that he had no bad reputation as a violator of the prohibition law. The place where accused lived was bounded on three sides by public roads, and other persons lived in the immediate vicinity.

    *Held:* That the evidence was not sufficient to support a conviction.

2. INTOXICATING LIQUORS—*Burden of Proof on the Commonwealth—Evidence Insufficient to Support a Verdict of Guilty—Case at Bar.*—In the instant case, a prosecution for violation of the prohibition law, the facts shown undoubtedly pointed to the guilt of some person or persons, but indicated the guilt of all who resided in that immediate neighborhood just as clearly as it indicated the guilt of the accused. As difficult as it may be to establish violations of the prohibition statute, and as liberal as the rules are in such cases, the Commonwealth cannot escape the burden of showing the guilty agent beyond a reasonable doubt. Convictions which rest upon circumstances which, while they show that some one is guilty, hardly casts a suspicion against the accused, cannot be sustained.

Error to a judgment of the Circuit Court of Fluvanna county.

*Reversed.*

The opinion states the case.

*W. N. Hannah,* for the plaintiff in error.

*John R. Saunders, Attorney General, Leon M. Bazile,* and *Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

PRENTIS, P., delivered the opinion of the court.

The accused had been convicted under an indictment charging him with the violation of various sections of the statute prohibiting the manufacture, sale, transportation and use of intoxicating liquor.

His first assignment of error is that the court refused to set aside the verdict as contrary to law and without supporting evidence.

[1] The testimony relied upon by the Commonwealth to support the conviction may be thus summarized: The witness, Wood, an agent of the State Prohibition Department, searched the premises of the accused in company with four others co-operating with him. A thorough search of his buildings and premises disclosed nothing to indicate guilt. About 110 steps from the house which he occupied, but not on his premises, they found a boiler and cap of a still, of about ten gallons capacity. When these were shown to the accused, he said they were not his, and that he did not know who put them at the place where found. On the opposite side of the main public road from his dwelling the officer saw two tracks leading up the hill in the direction in which he found two glass bottles or jugs containing about one and one-half gallons of corn whiskey. These tracks led from towards the house, up the bank in the general direction of the place where this whiskey

was discovered. This officer said that these tracks were identical with the defendant's tracks, but later stated that he did not measure either the tracks or the shoes of the defendant, that they looked to him like the same tracks, but that there was no peculiarity about them by which they could be identified. The accused also denied ownership of this whiskey, that he ever had seen it or knew of its being there. He denied that the tracks were his, or that he had been across the road or up the bank where these tracks were found. (It was afterwards shown by another witness, John Wood, that he spent the night before the search at the house of the accused, that he went into the woods for a necessary purpose and made the tracks referred to; and that he wore a No. 8 shoe, about the size of the shoes worn by the defendant.) The witness Wood (the officer) also found near the defendant's spring a kettle and rocks near where a fire had been made, but the kettle was not on the rocks at the time. It was shown that neither the whiskey nor the still or still cap were found on land owned or rented by the accused. He also stated that the defendant had the reputation of being a bootlegger, and gave the names of three persons whom he had heard say so. Alexander, another officer, witness for the Commonwealth, saw the whiskey, the still and the kettle, but found nothing in the dwelling house, outhouses, or ground immediately surrounding them to incriminate the accused. Smith, another witness, referred to the same articles which were found, but added nothing to indicate the guilt of the accused. It is upon this evidence that the Commonwealth secured the conviction.

For the defense it is shown by quite a number of witnesses that the general reputation of the accused is good, and that he has no bad reputation as a viola-

tor of the prohibition laws; that the land upon which he lives is bounded on three sides by public highways; that other persons live in the immediate vicinity; that the place at which the still was found is about fifty steps from one of the barns on the farm of which he rented a part, which barn is on the main public road which bounds the farm on that side; that the land on which the whiskey was found was not a part of the farm on which the accused lived; that the tenant of this land lives about 200 yards west of the witness' dwelling house, and one Herman Brown lives about 100 yards from the barn referred to.

[2] We think it clear that the trial court should have sustained the motion to set aside the verdict, because it was without evidence to support it. The facts shown undoubtedly pointed to the guilt of some person or persons; but it indicates the guilt of all who resided in that immediate neighborhood just as clearly as it indicates the guilt of the accused. As difficult as it may be to establish violations of this statute, and as liberal as the rules are in such cases, the Commonwealth cannot escape the burden of showing the guilty agent beyond a reasonable doubt. Convictions which rest upon circumstances which, while they show that some one is guilty, hardly cast a suspicion against the accused, cannot be sustained.

We think it unnecessary to discuss the other assignment of error, relating to the refusal to admit certain evidence. Our conclusion is to reverse the judgment and remand the case for such further proceedings as may be advised.

*Reversed.*